GARRISON, Judge.
This is an appeal from a decision of the City Civil Service Commission rendered on February 10, 1984 dismissing petitioner Floyd Moss, Jr. from the force for excessive absences. Petitioner Floyd Moss seeks review of that decision by this court.
At the hearing, Captain Richard Hunter, Commander of the Special Investigation Division of the 6th District testified that Floyd Moss was transferred to the 6th District and placed under his supervision on December 19, 1983.[1] Captain Hunter testified that petitioner’s work schedule was as follows:
December 20 Worked
December 21 AWP[2]
December 22 Worked
December 23 & 24 AWP
December 25-29 Due back at work on 25th but called in sick with a sore throat.
December 30 & 31 Worked
January 1-6 Due back to work on January 1 but called in sick with a cold.
January 7 & 8 Worked
*793 January 9-14 Called in sick with chest pains.
January 14-23 Still out sick, but called in January 23 requesting four weeks leave of absence in order to straighten out medical problems. Leave granted and was due back February 21.
February 21 Did not return to work or call in.
February 23 Dropped from the rolls.
Janice Roussel, Personnel Director of New Orleans Police Department, testified from petitioner’s Personnel Record that petitioner’s work record was as follows:
December 19 On leave without pay
December 20 Working
December 21 AWP
December 22 Working
December 23 AWP
December 24 AWP (Holiday)
December 25-27 Leave without pay
December 28 & 29 AWP
December 30 & 31 Working
January 1 & 2 Leave without pay
January 3 AWP (Holiday)
January 4 Leave without pay
January 5 & 6 AWP
January 7 & 8 Working
January 9-12 Leave without pay
January 13 & 14 AWP
January 15-20 Leave without pay
January 21 & 22 AWP
January 23-Feb. 9 Leave without pay
February 10 Worked two hours
February 11-13 AWP
February 14 Worked
February 15 AWP (Holiday)
February 16 & 17 Working
February 18 & 19 AWP
February 20-23 Leave without pay
February 23 Letter of dismissal issued
The two hours credit of working time given for February 10 is actually for an appointment with Dr. Haddad. Petitioner was evaluated as having a mild case of high blood pressure which had become symptomatic due to Mr. Moss’s refusal to take his high blood pressure medicine. He was ordered to return to work by Dr. Had-dad in consultation with Dr. McSwaim. Dr. McSwaim had seen petitioner twice during January.
On appeal, petitioner raises two specifications of error:
1. Did the commission err in its determination that either appellant was too sick to perform his duties or he was not ill and used his blood pressure as an excuse to avoid work?
2. Did the commission err in its determination that the dismissal of Floyd Moss was justified?
DISCUSSION
On appeals from the Civil Service Commission, this court may not review facts but is limited to questions of law. Even if this court could engage in fact review, however, it is apparent that the commission acted properly in this case. Petitioner argues that his dismissal is some sort of massive subterfuge to avoid “the expense of caring for one of its veteran employees” who, according to petitioner, suffered “an injury on duty”, namely the high blood pressure. At the hearing, petitioner did not put on any affirmative evidence indicating that the high blood pressure was job-related. The only testimony on that possibility occurred during the cross-examination of Dr. McSwaim. McSwaim stated that he did not see petitioner’s health records from June of 1977 when petitioner was hired, so he did not know if petitioner had high blood pressure at that time or not. He further stated that high blood pressure is often a result of the aging process and not necessarily job-related.
Floyd Moss testified that he began having the high blood pressure symptoms in January, but that fails to explain his excessive absences in December.
For the reasons discussed, the decision of the Civil Service Commission is affirmed.
AFFIRMED.

. At that time, Floyd Moss had been employed by N.O.P.D. since June of 1977 and had no accumulated sick leave time.

. "Absent without pay” means regularly scheduled allowable time-off such as weekends, holidays or a regular day off.